UNITED STATES (PORTER v.). See Case No. 11,290.

UNITED STATES v. PORTER. See Case No. 14,820.

# Case No. 16,075.

## UNITED STATES v. POTTER.

[Boyce, U. S. Pr. 98.]

Circuit Court, N. D. New York. June Term, 1858.

WITNESSES — SUBPŒNA AND ATTACHMENT — PRACTICE.

[Where a witness living in another state and district fails to obey a subpœna, and an attachment is issued for him, such attachment should be directed to the marshal of the court issuing the same, and not to the marshal of the district where the witness may be found.]

[In this case a witness residing in the state of Michigan was subpœnaed on behalf of the United States, and failing to attend, the district attorney asked for an attachment against him. The attachment was issued to the United States marshal for the Northern district of New York. It was objected that this practice was not regular.]

NELSON, Circuit Justice. The power to issue an attachment for defaulting witnesses is incident to the power to serve a subpœna, in criminal cases, beyond the limits of the district, and in any other district of the Union (1 Stat. 335, § 6); and our practice has been uniform to issue the attachment to an officer of the court, and not to an officer in the district or state in which the witness may be. The subpœna is also issued to such officer. This seems to be indispensably necessary in order to ensure the execution of process. The officer in a foreign district cannot be made responsible to the court issuing the precept, and, if he could, it would be impracticable, or attended with great delay and expense. I have always regarded the court under the 6th section above referrred to, as possessing jurisdiction for the purpose of issuing and enforcing the execution of a writ of subpœna in criminal cases throughout the Union; and that it is competent to send its own officer for this purpose into any part of it; and that this is the only reasonable and practical mode of carrying into effect the power thus conferred.